UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DARON DARNELL BELL                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 5:24CV-P79-CRS

CITY OF HOPKINSVILLE, KENTUCKY *et al.*                        DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff Daron Darnell Bell filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  The

complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the

reasons stated below, the Court will dismiss the action.

## I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Green River Correctional Complex.  He sues the City

of Hopkinsville; Richard Boling, identified as a private attorney; Lynn Prior, a Commonwealth

Attorney; Whitney Westerfield, an assistant prosecutor; and Eric Pacheo, a drug enforcement

agent.  He sues each Defendant in his or her individual and official capacities.

Plaintiff states as follows:

The Hopkinsville Police Department made dafamatory statements to the News
Media regarding my arrest.  Those actions constituted negligence and the
intentional infliction of Emotional Distress.  The compelled evidence will show the
Defendants produced permanent impairment and disability from the outset the
Defendants are attempting to kill me by making me have a severe stroke, heart
attack and a nervous breakdown from Extreme Stress.  The Defendants have been
deliberately indifferent to my health and safety while subjecting me to retaliation
from the libel, slander, and malicious prosecution from the Hopkinsville City
Government as a whole therefore, I ask this Honorable Courts mercy as well as
grant a Motion for a protective order.  There lies clearly a conflict of interest
involving the contract of adhesion which was a standardized contract imposed and
drafted by the Defendant whose party had superior bargaining strength, relegated
to the plaintiff whose only opportunity was to adhere to or reject it.  Richard Boling
admitted to practice law KBA member No. 86116 in this Commonwealth on
October 16, 1995, becoming an Assistant Attorney from 1997 until 2000 when he
became Christian County Commonwealth Attorney until 2006 when be returned to

private practice during which time period the plaintiff hired the Defendant to represent him after previously being prosecuted by him also however, in an action for relief or damages or mistake.  The cause of action shall not be deemed to have occured until the discovery of the fraud or mistake the plaintiff was introduced to defendant Eric Pacheo after conversations with his then private Attorney Richard Boling whom had been negotiating a plea deal with Lynn Prior who was the prosecutor attorney and her assistant Whitney Westerfield who was assigned the case to prosecute.  All the Defendants conspired to use the plaintiff who suffered from mental health problems who could not or cannot understand the negotiates.  The specifics defendant members agreed upon and the court sanctioned by Richard Boling who was elected to Commonwealth Attorney again in 2018 and prosecuted plaintiff in January 2023.  The actions of the Defendants violated my rights that the United States Constitution allows the plaintiff, those Amendments are the Eighth and the Fourteenth.

As relief, Plaintiff seeks compensatory and punitive damages and a letter of apology.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*,

58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### A.  *§ 1983 claims*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1.  *Hopkinsville Police Department*

The Hopkinsville Police Department is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, the City of Hopkinsville is the proper defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  Further, the City of Hopkinsville is a "person" for purposes of § 1983.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

3

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any action alleged in the complaint was taken pursuant to a policy or custom of the City of Hopkinsville.  Plaintiff's complaint appears to allege occurrences affecting only Plaintiff.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999).  Therefore, the complaint fails to establish a basis of liability against the municipality, and the claim against the Hopkinsville Police Department must be dismissed for failure to state a claim upon which relief may be granted.

### 2.  Pacheo

#### a.  Official-capacity claim

Plaintiff identifies Pacheo as a drug enforcement agent but does not identify his employer. Because Plaintiff makes allegations against the Hopkinsville Police Department, the Court will presume that Pacheo is employed by the Hopkinsville Police Department.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55).  Therefore, Plaintiff's official-capacity claim against Pacheo is brought against the City of Hopkinsville.  Plaintiff does not allege that Pacheo took any action pursuant to a custom or policy of the City of Hopkinsville.  Therefore, the official-capacity claim against him must be dismissed

4

for failure to state a claim upon which relief may be granted.

### b. *Individual-capacity claim*

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

Plaintiff's only allegation specific to Pacheo is the following statement:

> The cause of action shall not be deemed to have occured until the discovery of the fraud or mistake the plaintiff was introduced to defendant Eric Pacheo after conversations with his then private Attorney Richard Boling whom had been negotiating a plea deal with Lynn Prior who was the prosecutor attorney and her assistant Whitney Westerfield who was assigned the case to prosecute.

The Court can discern no allegation of specific conduct by Pacheo to violate Plaintiff's rights based upon this statement.   Therefore, Plaintiff's individual-capacity claim against Pacheo will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Prior and Westerfield

#### a. Official-capacity claims

Defendants Prior and Westerfield, in their roles as prosecutors on behalf of the Commonwealth of Kentucky, are state employees or officials.   Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166.   State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).   Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.   *Kentucky v. Graham*, 473 U.S. at 169.   For these reasons, Plaintiff's official-capacity claims against Prior and Westerfield for monetary damages must be dismissed.

In addition, Plaintiff's request for injunctive relief in the form of an apology letter fails to state a claim. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002); *Burkes v. Tranquilli*, No. 08-474, 2008 U.S. Dist. LEXIS 51403, at *13 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law.")

Accordingly, Plaintiff's official-capacity claims against Prior and Westerfield for monetary and injunctive relief must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### b. *Individual-capacity claims*

Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). "[I]t is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity." *Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012). Plaintiff's claims against Prior and Westerfield are barred by prosecutorial immunity, and the individual-capacity claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### 4. *Boling*

The Court construes Plaintiff's allegations against Boling as claims arising out of his representation of Plaintiff as his criminal defense attorney. It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against Boling arising

out of his role as Plaintiff's criminal defense attorney must be dismissed for failure to state a claim upon which relief may be granted.

### B.  State-law claims

To the extent Plaintiff asserts any state-law claims, including for defamation, negligence, or intention infliction of emotional distress, because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims.  *See* 28 U.S.C. § 367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").  The state-law claims, therefore, will be dismissed without prejudice.

### IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   September 5, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
4411.010

8